IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARGO DIANE HOCKING, et al.,

       Plaintiffs,               No. CIV S-06-0316 RRB EFB

   vs.

CITY OF ROSEVILLE, et al,        ORDER AND FINDINGS AND
                             RECOMMENDATIONS

       Defendants.

_____/

      This action was before the undersigned on October 31, 2007, for hearing on plaintiffs'
motion to compel production of documents.  Manolo H. Olaso appeared as plaintiffs' counsel
and Bruce A. Kilday appeared as defense counsel.  Having reviewed the submitted papers and
considered oral argument, the court makes the following order, which shall be contingent upon
the district judge's adoption of the recommendation that the November 2, 2007, discovery
deadline be extended for the limited purpose of complying with this order.

**I.  BACKGROUND**

      This action is proceeding on the first amended complaint, filed March 15, 2006, in which
plaintiffs allege claims for excessive force and false arrest under 42 U.S.C. § 1983 against
officers of the City of Roseville Police Department.  Plaintiffs also allege state law claims for
false arrest, assault and battery, false imprisonment, and negligence.  Plaintiffs' claims arise out

of a traffic stop involving plaintiffs and the defendant officers on February 14, 2004.  Plaintiffs allege that they were targeted by defendants because they are an interracial couple.  They also assert *Monell* claims against the City of Roseville, alleging that the city was deliberately indifferent to their rights by failing to properly train and supervise its officers.[1]  The state court criminal charges against plaintiffs, which included driving under the influence, public intoxication and resisting arrest, were ultimately dismissed on January 23, 2006.  The defendant officers did not appear at the trial despite a subpoena to do so.

The matter presently before the court is plaintiffs' motion to compel further responses to requests for production of documents that were originally served on defendants on June 15, 2007.  Defendants timely responded, but declined to provide complete responses to several requests, objecting that the information sought was privileged or otherwise protected.

Plaintiffs set this motion to compel for hearing just two days before the November 2, 2007, discovery deadline.  The initial pre-trial scheduling order provides that discovery must be completed by the discovery cut-off date, and that "completed" means "that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, *the order has been complied with.*"  *See* Status (Pre-trial Scheduling) Order, at 3:8-15 (emphasis added).   In light of the impending November 2, 2007, discovery deadline, the court makes its order contingent upon the district judge's adoption of this court's recommendation that the deadline be extended for the limited purposes of complying with this order.

**II. DISCUSSION**

Plaintiffs seek further discovery from defendants concerning the personnel files of the city's peace officers, its records of citizen complaints and internal affairs investigations, among

---

[1]  *See Monell v. Dep't of Social Services*, 436 U.S. 658 (1978).

1   other items.  At the hearing, the parties informed the court that they had resolved their disputes

2   as to Requests for Production Nos. 5, 8, and 9, provided that defendants serve a written

3   verification that all responsive items have already been produced.  Consistent with that

4   agreement, the court orders defendants to produce that verified response.

5        A.  **Requests for Production Nos. 6 and 7**

6        Requests for Production Nos. 6 and 7 seek documents regarding "any discipline,

7   counseling, reprimand, or evaluation" in the personnel files of defendants Patrick Blake and

8   Chris Nowicki, including "complaints, reprimands, counseling, discipline, records of training,

9   performance evaluations, assignments and re-assignments, and other records regarding racial

10  discrimination, racial animus, discourteous behavior, improper or illegal tactics, false reporting,

11  false statements, improper use of force, improper detention, false arrest, false imprisonment,

12  improper driving under the influence testing, improper drug recognition evaluation testing,

13  failure to appear in court, and failure to comply with subpoenas."

14       Defendants object to these requests on several grounds, including overbreadth with

15  respect to subject matter and time, and on the basis of "confidentiality" pursuant to Cal. Penal

16  Code §§ 832.7, *et seq.*  Defendants further assert that such documents may be disclosed only

17  after judicial review pursuant to Cal. Evid. Code §§ 1040, *et seq.*  They also object on the basis

18  of privacy.

19       With regard to the defendants' objections on the basis of overbreadth, the court notes that

20  defense counsel represented in its papers and at the hearing that the City of Roseville purges its

21  records after five years in accordance with Cal. Penal Code § 832.5(b).  *See* Joint Statement, at

22  14:20-15:1.  That section provides, in relevant part, that each department or agency that employs

23  peace officers shall retain citizen complaints "and any reports or findings relating to these

24  complaints . . . for a period of at least five years."  Cal. Penal Code § 832.5(b).  Accordingly,

25  defendants argue that it is unreasonable for plaintiffs to seek personnel records or citizen

26  complaint records dated prior to January 2002.

3

1    Based on the plain language of this provision, however, the retention policy seems to

2    apply only to citizen complaints, and not personnel files.  The Penal Code provision concerning

3    personnel records contains no analogous record retention provision.  *See* Cal. Penal Code

4    § 832.8.  However, based on defendants' representations to the court that the City purges its

5    records, including personnel records, after five years, the court will limit production to January

6    2002 to the present.  Defendants shall provide a written verification to plaintiffs that this is in

7    fact the City's policy, and that pursuant to it, no earlier records exist.

8    As to defendants' objections on the basis of confidentiality and privacy, the court

9    declines to follow the state-law procedures for review of the officers' personnel files and related

10   documents urged by defendants.

11   In withholding the documents at issue, defendants rely on Cal. Penal Code § 832.7.  That

12   provision does not authorize a blanket withholding, but rather allows only a limited withholding,

13   and directs the parties to follow discovery procedures set forth in the California Evidence Code.

14   *Martinez v. Stockton*, 132 F.R.D. 677, 681 (E.D. Cal. 1990).  "The Evidence Code procedures

15   found in Cal. Evid. Code §§ 1043, 1046 [and by necessary implication § 1045] provide for a

16   balancing of the needs of the litigation versus the need to keep the information confidential and

17   the right of privacy for the individuals involved."  *Id.*  More specifically, section 1043 requires

18   the party seeking discovery to file a written motion with the appropriate court, setting forth by

19   affidavit the specific items needed, and good cause for their disclosure, among other things.

20   Section 1045 of the Evidence Code provides for an *in camera* review of the information

21   requested to determine its relevance.  Cal. Evid. Code § 1045.  The court declines to supplant

22   this state court procedure for that mandated by the Federal Rules of Civil Procedure, particularly

23   those regarding the assertion of a privilege or other protection.  Fed. R. Civ. P. 26(b)(5).

24   Federal law controls privilege-based discovery disputes involving federal claims, even if

25   supported by pendant state law claims.  *Martinez*, 132 F.R.D. at 681-83.  Further, matters going

26   to the procedure for invocation of such privilege, *e.g.*, preparation of privilege logs, are entirely

4

1  federal in nature. *Eureka Financial Corp v. Hartford Acc. & Indem. Co.,* 136 F.R.D. 179, 182

2  (E.D. Cal. 1991). The Federal Rules of Civil Procedure provide that,

> [w]hen a party withholds information otherwise discoverable under these rules by
> claiming that it is privileged or subject to protection as trial-preparation material,
> the party shall make the claim expressly and shall describe the nature of the
> documents, communications, or things not produced or disclosed in a manner that
> without revealing information itself privileged or protected, will enable other
> parties to assess the applicability of the privilege or protection.

7  Fed. R. Civ. P. 26(b)(5).

8      Further, this court's order regarding the briefing to be filed on this discovery motion

9  specifically provides that "privilege objections must comply with Fed. R. Civ. P. 26(b)(5)," and

10  that "[e]xcept in extraordinary circumstances, the party claiming privilege may not submit a

11  post-hearing privilege log. The failure properly to support a privilege objection with a privilege

12  log may be deemed to waive it."

13      Here, defendants produced no privilege log to support their claims that the requested

14  documents are privileged or otherwise protected. That failure, together with plaintiffs' late

15  timing of this motion, make it almost impossible to engage in the balancing of defendants'

16  asserted privacy interests with the plaintiffs' need for the requested documents. *See Sanchez v.*

17  *City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990) (to determine whether personnel files

18  sought are protected, courts must weigh potential benefits of disclosure against disadvantages);

19  *see also Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (although federal courts

20  should give "some weight to privacy rights that are protected by state constitutions or statutes,

21  these privacy interests must be balanced against the great weight afforded to federal law in civil

22  rights cases against police departments.").

23      The burden is on the party asserting the privilege to establish all the elements of the

24  privilege and its applicability. *United States v. Martin*, 278 F.3d 988, 1000 (9th Cir. 2002)

25  (citing *United States v. Munoz*, 233 F.3d 1117, 1128 (9th Cir. 2000)). Here, where the

26  application of the "privilege" depends on a balancing of the interests involved, the party with the

burden must assert more than vague and generalized concerns regarding disclosure.  Defendants

have failed to provide the court with information regarding a particularized harm that would

inform a meaningful balancing of the interests involved.  On the other hand, plaintiffs have

demonstrated a clear need for the information given the requirement under *Monell* that they

show the alleged conduct was pursuant to a policy or established pattern and practice.  The court

therefore finds plaintiffs' interests in gathering evidence to support their claims more

compelling.  Accordingly, the court orders defendants to produce all documents responsive to

requests nos. 6 and 7.  However, in recognition of the generally acknowledged sensitivity of

personnel files, the court orders defendants to initially produce the responsive documents only to

plaintiffs' counsel and no other person.  Plaintiffs' counsel shall promptly review the requested

documents, and determine which ones he desires to be copied.  If, at that time, there is still a

dispute regarding privacy concerns, the court will entertain a request for an appropriate

protective order, provided the district judge approves an extension of the discovery deadline for

that purpose.

### B.  Request for Production No. 11

This request seeks all documents dating from 1994 to present, that "refer or relate to

racial discrimination, racial animus, discourteous behavior, improper or illegal tactics, false

reporting, false statements, improper use of force, improper detention, false arrest, false

imprisonment, improper driving under the influence testing, improper drug recognition

evaluation testing, failure to testify, and failure to comply with subpoenas *by any peace officer* of

the City of Roseville Police Department, including, but not limited to, citizen complaints,

performance evaluations, training records, records of discipline, counseling and reprimand

memos, assignments and reassignments, and internal affairs investigations."  Joint Statement, at

20:7-15 (emphasis added).

Defendants make the same privacy and confidentiality objections as discussed above, but

also argue that it is overbroad in scope.  Indeed, as written, this document request appears to

cover any citizen complaint concerning any officer from 1994 to present.  Defendants argue that responding to this information will require staff to look through every personnel file, citizen complaint file, and all other relevant records, in the chance that such files might contain responsive information.  Defendants argue that these records are not easily searchable, and that such a search will be overly burdensome, requiring three weeks to complete.

Because the initial requests were made in June 2007, the court finds this burdensome argument unavailing, but also notes plaintiffs' unexplained delay in bringing the present motion.  At the hearing, the parties agreed to narrow the request, based in part on the City of Roseville's five-year document retention policy.  Accordingly, defendants need only respond to the request with existing documents; i.e. documents from January 2002 to the present.

Consistent with the parties' representations at the hearing, plaintiffs shall immediately redraft Request for Production No. 11 and provide it to defendants.  Defendants shall immediately commence the search for documents responsive thereto.  Defendants shall produce the information in the manner agreed upon at the hearing (i.e., via summary sheets organized according to the topics in the first amended complaint, which provide the requested information, but which redact identifying information of peace officers not named as defendants).  Again, if any further disagreements regarding the asserted privacy interests arise, the court will conduct a supplemental hearing to entertain a request for a protective order, provided such an extension of the discovery deadline is approved by the district judge.

## C.  Requests for Production Nos. 13 and 14

These requests seek documents that refer or relate to the failure of defendants Patrick Blake and Chris Nowicki to appear in court for plaintiffs' criminal trial.  Defendants make the same privacy and confidentiality objections as discussed above.  However, at the hearing, defense counsel represented that neither officer has ever had a complaint regarding failure to appear in court prior to this case.  The court therefore orders defendants to produce all responsive documents to these requests, with a verification that no other responsive documents

1   exist.

2   **D.  Defendants' Request for an Order**

3   On the last page of the joint statement regarding plaintiffs' discovery motion, defendants

4   ask the court to issue an order compelling plaintiffs to produce documents and appear for

5   depositions.  Because this request was not submitted by properly noticed motion, it is not

6   presently before the court and the court therefore declines to address it at this time.  *See* Local

7   Rule 78-230(b).  It was apparent at the hearing the depositions of key witnesses on both sides

8   have not been completed.  Given the impending discovery deadline, any requests by defendants

9   to further extend the discovery cutoff date shall be directed to the district judge either by a

10  stipulation or an appropriate application.

11  **III.  CONCLUSION**

12  In accordance with the foregoing, IT IS ORDERED that:

13  1.  Defendants shall provide plaintiffs with a written verification that all documents

14  responsive to Requests for Production Nos. 5, 8, and 9, have been produced.

15  2.  Defendants shall provide a written verification that, pursuant to the City of Roseville

16  Police Department's five-year document retention policy, no responsive documents, including

17  personnel files, dated prior to January 2002, exist.

18  3.  Defendants shall produce all documents responsive to Requests for Production Nos. 6

19  and 7.  However, in recognition of the generally acknowledged sensitivity of personnel files, the

20  court orders defendants to initially produce the responsive documents only to plaintiffs' counsel

21  and no other person.  Plaintiffs' counsel shall promptly review the requested documents, and

22  determine which ones he desires to be copied.  If, at that time, there is still a dispute regarding

23  privacy concerns, the court will entertain a request for an appropriate protective order, provided

24  the district judge approves of an extension of the discovery deadline for that purpose.

25  4.  Consistent with the parties' representations at the hearing, plaintiffs shall immediately

26  redraft Request for Production No. 11 and provide it to defendants.  Defendants shall

8

immediately commence the search for documents responsive thereto. Defendants shall produce the information in the manner agreed upon (i.e., via summary sheets organized according to the topics in the first amended complaint, which provide the requested information, but which redact identifying information of peace officers not named as defendants). If any further disagreements regarding the asserted privacy interests arise, the court will conduct a supplemental hearing to entertain an appropriate request for a protective order, provided the district judge agrees to extend the discovery deadline for that purpose.

5. Consistent with the foregoing, defendants shall produce all responsive documents to Requests for Production Nos. 13 and 14, with a verification that no other responsive documents exist.

6. This order is contingent upon the district judge's adoption of the undersigned's recommendation that the discovery deadline be extended for the limited purpose of complying with this order, including any supplemental hearing or rulings on a request for a protective order.

Further, for the reasons stated above it is hereby RECOMMENDED that the assigned District Judge extend the discovery cutoff date for the purpose of enabling the parties to comply with this order. This recommendation is submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED:  November 2, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

9